

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 21, 1958

Mr. Ward W. Markley
County Attorney
Jasper County
Jasper, Texas

OPINION NO. WW 392

Re: Authority of Commissioners'
Court to cancel valid assess-
ments where delinquent taxes
have been paid to an adjoin-
ing county by mistake.

Dear Mr. Markley:

In your request for our opinion on the above caption-
ed matter you have apprised us of the following facts.

The tract of land upon which the taxes were assessed
lies wholly within the county of Jasper, and the taxes have
been validly assessed in Jasper County. Through some mis-
take the landowner paid the taxes in question in Newton
County up until 1945, since which time the taxes have been
paid in Jasper County. You state that the Commissioners'
Court of Jasper County is willing to cancel and hold for
naught the delinquent taxes and request our opinion as to
whether the Commissioners Court has the power to do so.

Section 55 of Article III of the Texas Constitution
reads as follows:

"Sec. 55. The Legislature shall have
no power to release or extinguish, or to
authorize the releasing or extinguishing,
in whole or in part, the indebtedness,
liability or obligation of any corporation
or individual, to this State or other munici-
pal corporation therein, except delinquent
taxes which have been due for a period of
at least ten years."

The last action taken by the Legislature under the
exception carried in the above quoted section was in 1935
when an Act was passed barring the collection of all ad
valorem taxes due the State, counties, municipalities or

other subdivisions that were delinquent prior to December 31, 1919. This Act is carried as Article 7336f, Vernon's Civil Statutes. The Legislature would have no power to authorize a Commissioner's Court to cancel the valid assessments even if it had desired to do so except in accordance with the provisions of Section 55 of Article III. There is, therefore, no power in the Commissioner's Court to cancel the assessments in question.

Cancellation under the facts of this case is also prohibited by Section 52 of Article III of the Texas Constitution which provides in part as follows:

> "The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money, or thing of value in aid of, or to any individual, association or corporation whatsoever. . . ."

Cancellation of the valid assessments in question would amount to a grant of public money to an individual.

You cite Article 7156, V.C.S., and are concerned as to its applicability. Article 7156 reads as follows:

> "Any lands which may have been assessed in any county according to the abstract of land titles, and the taxes paid thereon according to law, shall not be afterwards subject to the payment of taxes for the same period in a different county, although a subsequent survey and determination of the county boundaries may show said lands to be in a different county from that in which they were originally assessed; and any sales of such lands for alleged delinquency shall be illegal and void."

This article is not applicable in view of the facts of this case. Article 7156 is applicable only in those instances where there has been a redetermination of county boundary lines which results in excluding the land upon which taxes have been paid from the county to which such taxes were paid.

## S U M.M.A.R.Y

A Commissioner's Court has no authority to cancel valid tax assessments against land within the county's boundaries where taxpayer paid the taxes to an adjoining county by mistake.

Yours very truly

WILL WILSON
Attorney General of Texas

By: *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant Attorney General

MMP/fb

APPROVED

OPINION COMMITTEE

George P. Blackburn, Chairman

Cecil C. Rotsch

J. Mark McLaughlin

J. Milton Richardson

John H. Minton

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. GEPPERT